UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JEROME L. GRIMES**                                          **CIVIL ACTION NO.**

**VERSUS**                                                              **21-355-JWD-EWD**

**ARAPAHOE SPV, LLC**

### ORDER FOLLOWING NON-APPEARANCE FOR SPEARS HEARING

On January 24, 2023, Plaintiff Jerome Grimes ("Plaintiff"), who is representing himself and *in forma pauperis*, was ordered to appear, in person, at a hearing to be held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), on Wednesday, February 15, 2023, at 10:00 a.m., at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom 5, Baton Rouge, Louisiana 70801 ("*Spears* Hearing").[1] The purpose of the *Spears* Hearing was to determine whether all or any part of Plaintiff's case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of this claim which would entitled him to relief.[2] Additionally, the *Spears* Hearing was to provide Plaintiff an opportunity to explain the basis for this Court's subject matter jurisdiction, as the January 24 Order explained that his Complaint was lacking in this regard.[3] The January 24 Order advised Plaintiff that "failure to appear as ordered

---

[1] R. Doc. 17. The January 24 Order was served on Plaintiff at his address of record on PACER by regular mail and certified mail, return receipt request no. 7020 0640 0001 4750 5951.
[2] *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986)
[3] R. Doc. 17, pp. 1-2. Specifically, the Court explained that although Plaintiff's Complaint states that "[t]his is an action brought under the jurisdiction of this Court invoked pursuant [to] 28 U.S.C. 1332; Diversity of Citizenship," Plaintiff did not adequately allege either his own citizenship or that of Defendant Arapahoe SPV, LLC ("Defendant"), such that no determination as to whether complete diversity exists could be made. *Id*. at p. 2 (explaining why the citizenship allegations were deficient). Further, the Court explained that the allegations in the Complaint did not state a federal question, such that the Court could exercise jurisdiction under 28 U.S.C. § 1331. *Id*. at pp. 2-3 (explaining why Plaintiff's Complaint did not state a federal question).

Grimes Certified Mail Receipt: 7018 0360 0001 1615 7169

may result in the dismissal of this action without further notice."[4]

Between February 7 and 8, 2023, Plaintiff filed four motions: a "Motion 'Request' for Webex Video Presence -or- Telephonic Hearing Presence for 'Court Hearing' On: Wednesday, February 15, 2023, 10:00 AM;"[5] a "Motion to Restrict Viewing of Document 18, Filed: 02/07/2023;"[6] another "Motion 'Request' for Webex Video Presence -or- Telephonic Hearing Presence for 'Court Hearing' On: Wednesday, February 15, 2023, 10:00 AM,"[7] and a "Motion for Leave to Amend the Complaint."[8] On February 9, 2023, the Court denied Plaintiff's motions.[9] Specifically, with respect to Plaintiff's request to appear at the *Spears* Hearing by Webex and/or telephone, the Court denied that request, explaining that Plaintiff chose to file suit in this district, despite residing in Florida at the time, and, "[a]s a general rule, a plaintiff will be required to make himself available for examination in the forum in which suit was brought."[10] Further, the Court noted that the record indicates Plaintiff can travel to this forum to prosecute the claims he brought here, considering the record also shows Plaintiff was receiving mail in Florida, Colorado, Oregon, Arizona, and California during the pendency of this suit.[11] Plaintiff was again (1) ordered to appear, in person, at the *Spears* Hearing, and (2) cautioned that "failure to appear…may result in the dismissal of this case without further notice."[12]

On February 15, 2023, Courtroom 5 at the Russell B. Long Federal Building and

---

[4] *Id*. at p. 3.
[5] R. Doc. 18.
[6] R. Doc. 19.
[7] R. Doc. 20.
[8] R. Doc. 21.
[9] R. Doc. 22. The February 9 Order was served on Plaintiff at his address of record on PACER by regular mail and certified mail, return receipt request no. 7020 0640 0001 4750 5153.
[10] *Id*. at p. 4 (citations omitted). In the February 9 Order, the Court again explained the purpose of the *Spears* Hearing and why Plaintiff's Complaint did not state a basis for the Court to exercise subject matter jurisdiction over his claims under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. *Id*.
[11] *Id*.
[12] *Id*. at p. 6 (emphasis removed).

2

Courthouse, 777 Florida Street, Baton Rouge, Louisiana 70801 remained open for thirty minutes after the start of the scheduled *Spears* Hearing. Plaintiff failed to appear at the Show Cause Hearing. However, on the morning of February 15, Plaintiff contacted the Court about the *Spears* Hearing and, citing reasons different that those in his prior motions,[13] advised that he was unable to appear at the *Spears* Hearing in person, as ordered. Although Plaintiff has not provided any support for the reasons provided for his failure to appear at the *Spears* Hearing, considering that Plaintiff is representing himself, the Court will liberally construe Plaintiff's phone call as a request to reset the *Spears* Hearing, which will be granted.

However, considering the statement in the Complaint that Plaintiff is bringing this action "pursuant to 28 U.S.C. 1332; Diversity of Citizenship," combined with the fact that, based on the discernable allegations in the Complaint, Plaintiff appears to be asserting a state law breach of contract claim against Defendant, which the Court would only have jurisdiction over based on 28 U.S.C. § 1332, Plaintiff shall file a memorandum (or similar document) providing the Court with information to determine whether the parties are completely diverse, as the required amount in controversy appears met based on the demand for $192,000.00 in damages in the Complaint.[14] Plaintiff's memorandum shall state **only** the following information:

(1) **Plaintiff's Citizenship.** While the Complaint currently alleges that Plaintiff is a resident of Florida,[15] allegations of residency are not enough. "For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."[16] Furthermore, "[f]or adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."[17] **Thus, to properly allege the citizenship of an individual, such as Plaintiff, a party must identify the individual's domicile.**

---

[13] *See* R. Docs. 18 & 20.
[14] R. Doc. 1, ¶ 43A.
[15] R. Doc. 1, ¶ 3A.
[16] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[17] *White v. I.N.S.*, 75 F.3d 213, 215 (5th Cir. 1996), citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

    (2)    **Defendant's Citizenship.** While the Complaint alleges that Defendant is a "foreign (LLC) limited liability corporation, incorporated under the laws of LOUISIANA, with its principal place of business in BATON ROUGE, LOUISIANA,"[18] this too is insufficient for diversity purposes. For diversity purposes, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[19] Thus, to properly allege the citizenship of a limited liability company ("LLC"), a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[20] The same requirement applies to any member of a limited liability company which is also a limited liability company or other unincorporated entity.[21] **Because Plaintiff alleges that Defendant is an LLC, Plaintiff must (1) identify all members of Arapahoe SPV, LLC *and* (2) allege each member's respective citizenship as required by 28 U.S.C. § 1332(a) and (c), as explained in this Order.**

**No other information is needed at this time.** Subject matter jurisdiction is a threshold issue. The case cannot proceed unless jurisdiction is adequately established and the burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Plaintiff).[22]

Accordingly,

**IT IS ORDERED** that Plaintiff's oral request to reset the February 15, 2023 *Spears* Hearing is **GRANTED**. The *Spears* Hearing is **RESET** for **Wednesday, March 15, 2023, at 10:00 a.m**. at the Russell B. Long Federal Building and Courthouse, 777 Florida Street, Courtroom 5, Baton Rouge, Louisiana, 70801. Plaintiff shall appear, in person, at the March 15 *Spears* Hearing.

**IT IS FURTHER ORDERED** that **by no later than March 8, 2023**, Plaintiff shall file a memorandum (or similar document) explaining only (1) Plaintiff's citizenship (domicile) and (2) Defendant's citizenship, as explained in this Order.

---

[18] R. Doc. 1, ¶ 2A
[19] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[20] *Id.*
[21] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[22] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

  **IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to Plaintiff at the address listed on PACER by regular and certified mail, return receipt requested.²³

  **Plaintiff is advised that failure to timely comply with this Order and/or failure to appear at the March 15, 2023 *Spears* Hearing in person, as ordered, may result in the dismissal of this case without further notice.**

  Signed in Baton Rouge, Louisiana, on February 17, 2023.

                *[signature]*

                **ERIN WILDER-DOOMES**
                **UNITED STATES MAGISTRATE JUDGE**

---

²³ *See* R. Doc. 18 (providing the following address: "General Delivery, Montclair, California 91763-9999, c/o: Jerome L. Grimes").