UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JEROME L. GRIMES                                CIVIL ACTION NO.

VERSUS                                          21-355-JWD-EWD

ARAPAHOE SPV, LLC

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**JEROME L. GRIMES**  CIVIL ACTION NO.

**VERSUS**  21-355-JWD-EWD

**ARAPAHOE SPV, LLC**

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Because Plaintiff Jerome L. Grimes ("Grimes") has failed to establish this Court's subject matter jurisdiction, it is recommended that his claims in this case be dismissed without prejudice.

**I.  BACKGROUND**

Grimes filed his Complaint on June 17, 2021.[1] In the Complaint, which states that this Court has jurisdiction "pursuant to 28 U.S.C. 1332,"[2] Grimes did not adequately allege either his own citizenship or that of Defendant Arapahoe SPV, LLC ("Defendant"). The Complaint alleges (1) that Arapahoe is a "foreign limited liability corporation," incorporated and having its principal place of business in Louisiana, and (2) that Grimes is a resident of Florida.[3] However, "[f]or diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."[4] Relatedly, for diversity purposes, "the citizenship of a limited liability company is determined by the citizenship of all of its members"; thus, to properly allege the citizenship of a limited liability company ("LLC"), a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[5] The same requirement applies to any member of a limited liability company which is also a limited

---

[1] R. Doc. 1.
[2] R. Doc. 1, ¶ 1A.
[3] *See* R. Doc. 1, ¶¶ 2A, & 3A.
[4] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted).
[5] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

liability company.⁶

Additionally, the allegations in the Complaint did not state a federal question. Although Grimes alleged that Arapahoe "violated anti-trust laws for the undervaluation of crude oil,"⁷ he also alleged negligence and "trespass to chattel," which are state law tort claims that would not be bases for federal jurisdiction.⁸ Further, neither "oblique references to violations of unspecified federal laws," nor the recitation of various federal laws without facts to support the elements of those claims, is sufficient to state a claim under federal law.⁹

On January 24, 2023, this Court set a hearing pursuant to *Spears v. McCotter*¹⁰ (the "*Spears* Hearing) to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.¹¹ In the *Spears* Hearing Order, general subject matter jurisdiction principles were explained and Grimes was instructed to be prepared to discuss subject matter jurisdiction.¹² The *Spears* Hearing was scheduled

---

⁶ *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
⁷ *See* R. Doc. 1, ¶ 4A, compared with pp. 6-7 (setting out elements for negligence) and p. 8 (trespass to chattel).
⁸ *See Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) ("[G]enerally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." (citations omitted)). *See also MCI Communications Services, Inc. v. Hagan*, 74 So.3d 1148, 1152-1155 (La. 10/25/11) (explaining that victims of conversion, *i.e.*, trespass to chattel, have an adequate remedy under Louisiana tort law—namely, La. Civ. Code. Art. 2315."); *Fruge v. ONOB, Inc.*, 32 So.3d 1115, 1118 (La. App. 3 Cir. 3/10/10) ("Louisiana Civil Code Article 2315 provides the foundation for negligence claims in Louisiana.").
⁹ R. Doc. 1, pp. 20-22 (listing federal antitrust statutes). *See, e.g., Hills v Our Lady of the Lake Hospital, Inc.*, No. 21-280, 2021 WL 4143932, at *2 (M.D. La. July 15, 2021) (internal quotations and citations omitted); *JRV Services, LLC v. Doster Construction Company, Inc.*, No. 19-100, 2019 WL 5580984, at *4 (M.D. La. Sept. 19, 2019), quoting *Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (cleaned up).
¹⁰ 766 F.2d 179 (5th Cir. 1985).
¹¹ *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).
¹² R. Doc. 17.

2

for February 15, 2023. Grimes was advised that failure to attend the *Spears* Hearing could result in dismissal of his case without further notice.[13]

On February 7, 2023, Grimes filed an Emergency Motion for Leave to Appear via Webex or Telephonic Hearing February 15, 2023, which sought permission to participate in the *Spears* Hearing remotely.[14] Grimes requested the same relief in another motion, filed on February 8, 2023.[15] Because he failed to establish good grounds for his request for remote participation other than vague references to "hardship," and because the allegations of the Complaint can be amended by testimony at a *Spears* hearing, Grimes's requests to appear remotely were denied. He was advised, again, that failure to appear at the *Spears* Hearing might result in dismissal of his case.[16]

Grimes did not appear in person, as ordered, for the February 15 *Spears* Hearing, although he did contact chambers and orally requested that the *Spears* Hearing be reset. The Court granted Grimes's oral request and reset the *Spears* Hearing for March 15, 2023. Additionally, Grimes was ordered to file, by no later than March 8, 2023, a memorandum (or similar document) explaining only (1) Grime's citizenship (domicile) and (2) Defendant's citizenship.[17]

Grimes timely filed his "Citizenship Memorandum" on March 4, 2023.[18] In the Citizenship Memorandum, Grimes did not adequately allege his citizenship, because he said he resides in Florida, but has the intent to live in Louisiana. He also did not adequately establish the citizenship of Defendant, an LLC, because he only alleged place of incorporation and principal place of business, which is how citizenship of a corporation is established, not an LLC.[19] The Court explained that the deficiencies with Grimes's citizenship allegations remained, and advised Grimes that the *Spears*

---

[13] R. Doc. 17, p. 3.
[14] R. Doc. 18.
[15] R. Doc. 20.
[16] R. Doc. 22.
[17] R. Doc. 23.
[18] R. Doc. 25.
[19] *Getty Oil v. Insurance Company of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citations omitted) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.")

3

Hearing would proceed, in person, as scheduled on March 15, 2023. Grimes was also advised, again, that failure to appear could result in dismissal of his case without further notice.[20]

Grimes did not appear for the rescheduled Spears Hearing on March 15, 2023, but he did call chambers to tell the Court that he was planning to file a motion to transfer venue.[21] Grimes filed the Motion for Leave to Transfer the Complaint to Another Venue on March 15, 2023.[22] It is not clear to what venue Grimes is requesting that the case be transferred. Regardless, since he has not established subject matter jurisdiction, Grimes's case will be dismissed without prejudice.

## II.    LAW AND ANALYSIS

Unlike state district courts, which are courts of general jurisdiction and may therefore hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. Federal subject matter jurisdiction may be established in two ways. This Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[23] This Court also has subject matter jurisdiction over civil actions where the amount in controversy exceeds $75,000.00 exclusive of interest and costs and the parties are completely diverse (*i.e.*, all plaintiffs are citizens of a different state than all defendants).[24] Grimes asserts the latter. A federal district court "must assume that the suit lies outside its limited jurisdiction…."[25] The burden of establishing federal subject matter jurisdiction is on the party asserting it (here, Grimes).[26] A court may raise on its own at any time the issue of whether subject matter jurisdiction exists.[27]

Grimes has alleged subject matter jurisdiction under 28 U.S.C. § 1332. First, he has not

---

[20] R. Doc. 27.
[21] R. Doc. 31.
[22] R. Doc. 29.
[23] 28 U.S.C. § 1331 (federal question jurisdiction).
[24] 28 U.S.C. § 1332 (diversity jurisdiction).
[25] *See Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130 (5th Cir. 2022) (citations omitted).
[26] *Willoughby v. United States ex rel. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[27] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005).

sufficiently alleged his own citizenship. Although he states that he is a citizen of Florida,[28] he also alleges that he "resides in the State of Florida … but has the INTENT to live in the State of Louisiana…."[29] For purposes of evaluating the Court's diversity jurisdiction, citizenship of an individual requires residency **and** the intent to return or remain in the state.[30] Because Grimes has indicated that he resides in Florida, but intends to reside in Louisiana in the future, he has not adequately alleged his own citizenship.

In his "Citizenship Memorandum," Grimes still alleges Defendant's citizenship as if it were a corporation, although he attaches a document from the Louisiana Secretary of State showing that Defendant is, in fact, a foreign LLC.[31] Although the citizenship of a corporation is determined by its place of incorporation and its principal place of business, the citizenship of an LLC is determined by the citizenship of all its members.[32] This means that Grimes's allegations regarding Defendant's place of incorporation and principal place of business in the "Citizenship Memorandum" are not sufficient to establish Defendant's citizenship for diversity purposes. As previously explained, the party seeking to establish diversity jurisdiction—here, Grimes—"must specifically allege the citizenship of every

---

[28] R. Doc. 25, p. 1.
[29] *Id.*, p. 2 (emphasis in original).
[30] *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 804, 815 (5th Cir. 2007) (citations omitted; emphasis supplied). Although he attaches some information to suggest that he is registered to vote in Florida, Grimes has also changed his address multiple times in this case. While his original Complaint was mailed with a return address in Eatonville, Florida (R. Doc. 1, p. 40), he later called that Eatonville, Florida address "temporary" (R. Doc. 12, p. 1), then changed his address additional times to other states (not Florida). *See* R. Doc. 13 (changing mailing address to Ashland, OR); then to Quartzsite, AZ (R. Doc. 14). He later said that the Quartzsite, AZ address change was filed in error and gave a new address in Montclair, CA (R. Doc. 21).
[31] *Compare* R. Doc. 25-1 (stating that Defendant is a "Limited Liability Company (Non-Louisiana)") *with* R. Doc. 25, p. 2 (alleging Defendant's state of incorporation and principal business office). Under La. R.S. § 12:1301(A)(7), a "foreign limited liability company" is defined as a "limited liability company formed under the laws of any state other than [Louisiana]." The attachment to Grimes's "Citizenship Memorandum" gives Defendant's domicile address in Delaware. R. Doc. 25-1, p. 1. Under Delaware law, a "limited liability company…means a limited liability company formed under the laws of the State of Delaware and having 1 or more members." Del. St. Tit. 6 § 18-101(8). Further, Delaware law, like Louisiana law, requires a limited liability company's name to include the words "'Limited Liability Company' or the abbreviation of 'L.L.C.' or the designation 'LLC.'" Del. St. Tit. 6 § 18-102. *See also* La. R.S. § 12:1306 (same) and La. R.S. § 12:1031 (stating, "No limited liability company organized under this Chapter shall be deemed, described as, or referred to as an incorporated entity [or] corporation…"). In other words, an entity like Defendant cannot call itself an LLC if it is not, in fact, a limited liability company.
[32] *Bluetarp Financial, Inc. v. Robertson Development, L.L.C.*, 857 Fed.Appx. 817, 818-19 (5th Cir. 2021) (internal quotations and citations omitted).

5

member of every LLC…involved in the litigation."[33] The same requirement applies to any member of a limited liability company which is also a limited liability company or other unincorporated entity.[34]

Failure to establish subject matter jurisdiction requires dismissal without prejudice.[35] Basic subject matter jurisdiction principles have been explained. Grimes has been given multiple opportunities to cure his allegations regarding subject matter jurisdiction, including the chance to participate in a *Spears* Hearing, which he twice failed to attend, and the opportunity to submit additional facts regarding his citizenship and Defendant's. Because Grimes has failed to carry his burden of establishing this Court's subject matter jurisdiction,

**IT IS RECOMMENDED** that the claims of Plaintiff Jerome L. Grimes in this case be **DISMISSED WITHOUT PREJUDICE**, for failure to establish subject matter jurisdiction.

## ORDER

**IT IS ORDERED** that the Motion for Leave to Transfer the Complaint to Another Venue,[36] filed by Plaintiff Jerome L. Grimes, is **DENIED** considering the recommendation that the case be dismissed for failure to establish subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to Plaintiff Jerome L. Grimes at the address listed on PACER by regular and certified mail, return receipt requested.

Signed in Baton Rouge, Louisiana, on March 29, 2023.



**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[33] *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). *See also* R. Doc. 17, pp. 1-2 and R. Doc. 23, p. 4 (explaining how to allege the citizenship of a limited liability company for diversity purposes).
[34] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).
[35] *See Salcido v. Wilson*, 2022 WL 1564188, at *1 (5th Cir. 2022) (citations omitted).
[36] R. Doc. 29.